**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kathi Ann Sharpe,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>Select Portfolio Services, Incorporated,<br><br>　　　　　　Defendant. | No. CV-11-01436-PHX-GMS<br><br>**ORDER** |

Pending before the Court are the Parties' Responses to the Court's Order to Show Cause Concerning Transfer. (Doc. 27.) After reviewing the Responses, the Court hereby transfers the case to the District of Massachusetts.

**BACKGROUND**

The facts of this case are set forth in the Court's previous Orders and are recounted only briefly. (Doc. 10.) In 2003, Plaintiff Kathi Sharpe ("Plaintiff") defaulted on her home mortgage loan. On May 23, 2002, Select, her loan servicer, noticed a trustee's sale for August 28, 2003. (*Id.* ¶ 15.) On July 24, 2003, Plaintiff notified Select that she intended to rescind the loan because she was not provided with a signed and dated notice of her right to rescind pursuant to the Truth in Lending Act ("TILA"). 15 U.S.C. § 1635(f) (2006). (Doc. 22 ¶ 17; Doc. 25 ¶ 10.) Plaintiff's home was sold at a trustee's sale on September 21, 2004. (Doc. 22 ¶ 45; Doc. 25 ¶ 29.)

Plaintiff filed suit in Maricopa County Superior Court on March 31, 2005 to rescind her loan under the TILA. The matter was subject to an arbitration hearing on May

17, 2001. On June 1, 2007, the arbitrator ruled that Plaintiff's claims were time-barred. (Doc. 6, Ex. 6.) The arbitration decision was confirmed by the Superior Court on August 13, 2008. (Doc. 1, Ex. 9.)

During the course of her litigation, Plaintiff discovered that Select had been the defendant in a class action in the District Court of Massachusetts in 2003 and a related enforcement action brought by the Federal Trade Commission ("FTC") and the Department of Housing and Urban Development ("HUD"). (Doc. 1, Ex. 1 ¶ 14.) The suits alleged that "[Select] has engaged in a pattern and practice of uniform nationwide unfair, unlawful and deceptive business practices in its Servicing of residential mortgage loans, and that [Select] has engaged in other conduct that breaches statutes, contracts, and common law." (Doc. 6, Ex. 10 at 1.) Both suits were settled together by an agreement approved by the Massachusetts District Court. *United States v. Fairbanks Capital Corp.*, No. 03-12219-DPW, 2004 WL 3322609 (D. Mass. May 12, 2004); *Curry v. Fairbanks Capital Corp.*, No. 03-10895-DPW, 2004 WL 3322609 (D. Mass. May 12, 2004). The Settlement Agreement certified a class consisting of, among others, all persons whose loans were serviced by Select between January 1, 1999, and November 14, 2003, and whose loans were "in Default or treated as being in Default by [Select]" during that period. (Doc. 23-2. Ex. A at 62 § I(3)(a)(i).)

The Settlement Agreement established a $40 million redress fund and substantial injunctive relief, including creating a "Default Resolution Program" and implementing specified "Operational Practices" designed to assist borrowers. (Doc. 6, Ex. 10.) The Default Resolution Program became effective on June 13, 2004, and the Operational Practices became effective July 1, 2004. (Doc. 22, ¶ 38.) In its order approving the settlement, the court wrote, "the Court hereby retains exclusive jurisdiction of all matters relating to the interpretation, administration, implementation, effectuation, termination (under the Settlement Agreement or otherwise) and enforcement of the Agreement and any orders entered in these cases." *Fairbanks*, 2004 WL 3322609, at *5. The Settlement Agreement contains a section entitled "Reserved Claims and Defenses," which excepts

from release, "any claims or defenses that a Settlement Class Member asserts, affirmatively or defensively, with respect to [Select]'s Servicing in an effort to defeat any pending or future real estate foreclosure action . . . ." (Doc. 23-2, Ex. A at 69-70 § I(31)(a).)

On September 21, 2010, Plaintiff filed this suit in Maricopa County Superior Court. Select removed this matter to federal court based upon diversity jurisdiction. (Doc. 1.) Plaintiff's breach of contract cause of action, her only surviving claim, is predicated upon Select's failure to notify Plaintiff of her status as a *Curry* class member, in addition to Select's failure to abide by the terms of the Settlement Agreement. (Doc. 10 at 10-11.)

In its Motion for Summary Judgment, Select proffered evidence establishing that Plaintiff was mailed notice of her class status and of the preliminary settlement agreement on February 24, 2004. (Doc. 26 at 4; Doc. 23-2, Ex. C.) However, the Court found that whether Select provided the best notice practicable under the circumstances, so as to bind Plaintiff, and whether Plaintiff may assert a claim under the Settlement Agreement are questions concerning "the interpretation, administration, implementation, effectuation, . . . and enforcement of the Agreement." (Doc. 27 at 3-4.) Accordingly, the District of Massachusetts retains continuing jurisdiction over and has familiarity with the matters that form the basis of Plaintiff's surviving claim. The Court ordered the Parties to show cause why this action should not be transferred to that District. (*Id.* at 4.)

## DISCUSSION

In its Response to the Court's Order to Show Cause, Select contends that rather than transfer this matter to the District of Massachusetts, the Court should grant summary judgment on Plaintiff's remaining breach of contract claim in favor of Select due to claim preclusion. The judicially-created doctrine of claim preclusion "bars all grounds for recovery which could have been asserted, whether they were or not, in a prior suit between the same parties on the same cause of action." *Costantini v. Trans World Airlines*, 681 F.2d 1199, 1201 (9th Cir. 1982) (internal quotations and citations omitted).

"[A] federal court sitting in diversity must apply the [claim preclusion] law of the state in which it sits." *Costantini*, 681 F.2d at 1201 (internal citation omitted). Claims that "might have been litigated" in the original case are also precluded. *Pettit v. Pettit*, 218 Ariz. 529, 531, 189 P.3d 1102, 1104 (Ct. App. 2008). "To determine whether a second cause of action is the *same* as the first, Arizona follows the 'same evidence' test from the Restatement of Judgments § 61 (1942)." *Pettit*, 218 Ariz. at 532, 189 P.3d at 1105 (citing *Phoenix Newspapers, Inc.*, 188 Ariz. at 240, 934 P.2d at 804 ("[T]he plaintiff is precluded from subsequently maintaining a second action based upon the same transaction, if the evidence needed to sustain the second action would have sustained the first action.")). The Arizona Supreme Court has explained the rule as follows:

> Only such matters are adjudicated in a former judgment which appear upon its face to have been adjudicated or which were actually and necessarily included therein or necessary thereto. Rights, claims, or demands—even though they grow out of the same subject matter—which constitute separate or distinct causes of action not appearing in the former litigation, are not barred in the later action because of res judicata.

*Rousselle v. Jewett*, 101 Ariz. 510, 512, 421 P.2d 529, 531 (1966) (internal citations omitted). An arbitration award confirmed by a state court binds the federal courts and has preclusive effect to the same extent it would under the laws of the state where the award was confirmed. *Caldeira v. Cnty. of Kauai*, 866 F.2d 1175, 1178 (9th Cir. 1989), *cert. denied*, 493 U.S. 817 (1989).

Select argues Plaintiff's breach of contract claim is precluded because Plaintiff was aware of the facts underlying the claim during her previous lawsuit against Select and failed to pursue it. (Doc. 28 at 2.) Under Arizona law, Plaintiff's breach of contract claim is only precluded if it is based upon the same evidence as was needed to sustain her claim in the previous action. Plaintiff earlier sued Select in Maricopa County Superior Court alleging causes of action for fraud, breach of contract, TILA, and unlawful foreclosure. (Doc. 6, Ex. 5, Compl.) The prior breach of contract claim was against Plaintiff's mortgage broker, an unrelated party, for failure to provide copies of a "Notice

- 4 -

of Right to Cancel" before closing on Plaintiff's refinance loan in 2002. (*Id.* at 8-9.) The unlawful foreclosure claim against Select was predicated on Select's refusal to grant Plaintiff's demand for rescission prior to foreclosure in 2004. (*Id.* at 9-11.) Plaintiff's claims were found time-barred and judgment was awarded to Select. (Doc. 6, Ex. 6.) In this current matter, Plaintiff's breach of contract cause of action alleges Select did not provide Plaintiff with protections pursuant to the "Default Resolution Program" and did not implement "Operational Practices" as required by the *Curry* Settlement Agreement, before Select foreclosed on her property. (Doc. 1, Ex. 1, Compl. at 3-6). Although the causes of action stem from the same subject matter, Plaintiff's home mortgage, the evidence needed to sustain Plaintiff's current breach of contract claim is not the same as the evidence needed to sustain the claims in her previous lawsuit. This action relies on the interpretation and application of the Settlement Agreement to Select's foreclosure of Plaintiff's property. Further, claim preclusion requires that the causes of action be similar, and Select has not proffered such a contention.

Select argues that Plaintiff's breach of contract claim "might have been litigated" in the previous action and is thus precluded. (Doc. 28 at 2.) During that action, Plaintiff had devised the theory that the trustee's sale of her property was unlawful under the Settlement Agreement but did not pursue it. (Doc. 25 ¶ 35; Doc. 22 ¶¶ 58-60.) Although Plaintiff was aware of the Agreement during the previous action, it was not referred to in her prior Complaint nor was the Agreement used as a factual basis for those claims. (Doc. 6, Ex. 5, Compl.) Thus Plaintiff's breach of contract claim is not barred by *res judicata*.

Transfer of Plaintiff's surviving claim, along with this case, is warranted. The Court may transfer a case "to any other district or division where it might have been brought" when such transfer serves "the convenience of parties and witnesses" and is "in the interest of justice." 28 U.S.C. § 1404(a). The remaining questions of whether Select provided the best notice practicable to Plaintiff of her status as a *Curry* class member and whether Plaintiff may assert a breach of contact claim based on the Settlement

Agreement fall under the exclusive jurisdiction of the District of Massachusetts. *See Fairbanks,* 2004 WL 3322609, at *5 ("[T]he Court hereby retains exclusive jurisdiction of all matters relating to the interpretation, administration, implementation, effectuation, termination (under the Settlement Agreement or otherwise) and enforcement of the Agreement and any orders entered in these cases."); *see also Dowling v. Select Portfolio Servicing, Inc.*, 2007 WL 2815567, at *2, 5 (S.D. Ohio 2007) (granting plaintiff's motion to dismiss in part because plaintiff wanted to challenge Select's compliance with the Settlement Agreement, which "she can only do before the Curry court, given that court's continuing jurisdiction over the *Curry* Settlement."). Accordingly,

**IT IS HEREBY ORDERED** directing the Clerk of the Court to transfer this action to the District of Massachusetts.

Dated this 1st day of February, 2013.

*/s/ A. Murray Snow*
G. Murray Snow
United States District Judge